IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANDREA NICHOLE                    )
EGGLESTON MAYO,                   )
                                  )
        Plaintiff,                )
                                  )
    v.                            )        CASE NO. 1:17-CV-780-WKW
                                  )              [WO]
LEE WHITMAN, *et al.*,            )
                                  )
        Defendants.               )

## <u>ORDER</u>

Proceeding *pro se*, Andrea Nichole Eggleston Mayo appears to have filed a new action in this court related to an action filed against her in state court. (Doc. # 1; *see also* Doc. # 1-1.) But Ms. Mayo's filing could be construed as a notice of removal of the state court action. The document docketed as her notice of removal is styled "Petition and Verified Complaint in a New Case Seeking Protection and Justice in 20th Circuit." That styling, however, is handwritten above the typed—but crossed out—phrase "Petition and Verified Petition for Warrant of Removal and Petition for Change of Venue/Jurisdiction Due to Plaintiff's Inability to Obtain Justice and Equal Protection Under the Law." (Doc. # 1, at 2.)

In any event, Ms. Mayo filed—in the state action—a Motion for Temporary Restraining Order/Emergency Injunction, which is attached to her initial filing in

this court. (Doc. # 1-4.) To the extent that the action presently before the court contains a request for a temporary restraining order, the request is due to be denied.

Federal Rule of Civil Procedure 65(b) governs requests for temporary restraining orders. A temporary restraining order may be issued without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B).

Ms. Mayo has failed to meet the prerequisites for the exceptional remedy of a temporary restraining order. She has not submitted an affidavit in support of her complaint or motion for a temporary restraining order. *See* Fed. R. Civ. P. 65(b)(1)(A). Nor has she submitted a verified complaint, *see id.*—although she labeled her complaint a "Verified Complaint" (Doc. # 1, at 2), she did not "declare (or certify, verify, or state) under penalty of perjury" that the allegations in her complaint are "true and correct" as required under 28 U.S.C. § 1746. Additionally, Ms. Mayo has not submitted the certification required by Rule 65(b)(1)(B).

Moreover, Ms. Mayo "has "not allege[d], much less satisf[ied] the burden of persuasion of proving, that h[er] claim ha[s] a substantial likelihood of success on the merits, which is a prerequisite to the grant of a" temporary restraining order.

*McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011); *see Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001) (listing the elements for a temporary restraining order). Indeed, it is not clear what claim Ms. Mayo is making or that this court even has jurisdiction over this matter.

Accordingly, to the extent that Ms. Mayo requests a temporary restraining order, it is ORDERED that the request is DENIED.

It is further ORDERED that the above-styled action is REFERRED to the Magistrate Judge pursuant to 28 U.S.C. § 636 for further proceedings and determination or recommendation as may be appropriate.

One additional matter: Ms. Mayo has listed her name as "Andrea Nichole Eggleston Mayo" on her filings in this court (Doc. # 1, at 1, 2, 30, 31; Doc. # 1-1, at 1, 7), but the docket currently lists her name as "Andrea Eggleston Mayo." The court *sua sponte* AMENDS the caption to reflect Ms. Mayo's correct name. The parties are DIRECTED to use the new caption as it appears on this Order for all future submissions to the court, and the Clerk is DIRECTED to change the caption accordingly.

DONE this 16th day of November, 2017.

_____
/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE