IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDREA NICHOLE EGGLESTON MAYO, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.1:17-cv-780-WKW-TFM |
| | ) | |
| LEE WHITMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.    Introduction**

Plaintiff, who is proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on November 14, 2017.  She initiated this case by filing a document styled "Notice of Removal" (Doc. 1) to which she attached, among other documents, a complaint filed in this court pursuant to 42 U.S.C. 1983 (Doc. 1-1) and a state court complaint filed against her for eviction by Lee Whitman (Doc. 1-2).  Plaintiff filed an "Amended Petition for Removal" (Doc. 5) pursuant to this Court's February 7, 2018 Order giving her an opportunity to amend.  (Doc. 4).  To this Amended Petition Plaintiff attached, among other documents, a complaint styled for filing "In the United States District Court Middle District of Alabama".  (Doc. 5-1).  The Court recognizes this document (Doc. 5-1) to be the Amended Complaint which governs this action.

In her Amended Complaint, Plaintiff alleges that the Defendants have violated her Constitutional rights to due process and equal protection throughout the underlying state court eviction proceedings.  Plaintiff further represents to the Court that the state action is ongoing as

there is a hearing set in the state court on April 19, 2018.  (Doc. 6 at p. 3).  Plaintiff names as Defendants the following: Lee Whitman, a private citizen who entered into the lease agreement with Plaintiff and subsequently filed eviction proceedings against her; the Dothan Utilities Board members Billy Mays,  Deanna Watford, Michael West, Tammy Danner, Mick Schmitz, in their official and individual capacities; and Judge James Peterson, Judge Kevin Moulton, Judge Burt Smithhart, Judge P.B. Mclauchlin, as judges in the "Twentieth Judicial Circuit Court of Houston County, Alabama" in their official and individual capacities, and Carla Woodall, Clerk of Houston County Circuit Court, in her official and individual capacity.

Specifically, she alleges Lee Whitman, a private citizen, violated her Constitutional rights by filing the state court eviction proceedings against her and by his "continuous[] attempts to illegally evict the Plaintiff from her home, after receiving a large down payment of $19.800." (Doc. 5-1 at p. 2).  She further alleges that the judicial defendants have violated her Constitutional rights by failing to provide her a trial by jury and ignoring her motions.  (Doc. 5-1 at p. 3).  She also alleges that the utility board defendants have violated her Constitutional rights by refusing to restore the power to her residence which she leased from Whitman and from which he seeks to evict her. (Doc. 5-1 at pp. 13-15).  The Amended Complaint seeks monetary damages and declaratory and injunctive relief pursuant to 42 U.S.C. § 1983.  (Doc. 5-1 at pp. 30-31).

On February 7, 2018, this Court entered an Order granting Plaintiff's application to proceed *in forma pauperis.*  (Doc. 4).  In *forma pauperis* proceedings are governed by 28 U.S.C. § 1915 which requires this court to conduct a preliminary review of the complaint to ensure the action is not "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks

2

monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B).   Accordingly, the Court now conducts a review pursuant to 28 U.S.C. 1915.

## II. DISCUSSION AND ANALYSIS

Initially, the Court must address whether it has subject matter jurisdiction over Plaintiff's claims. *See Mitchell v. Brown & Williamson Tobacco Corp.* 294 F.3d 1309, 1314 (11th Cir. 2002) (The court has an "independent obligation" to determine whether it has jurisdiction.) (Citations omitted).   As Plaintiff proceeds *pro se*, the court will liberally construe the allegations of his complaint.   *See Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008). Plaintiff alleges a violation of her Fourteenth Amendment due process and equal protection rights pursuant to 42 U.S.C. § 1983.  Section 1983 provides a remedy when a person acting under color of law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the United States. *See* 42 U.S.C. § 1983.[1]  Plaintiff brings her due process and equal protection claims pursuant to § 1983; therefore, she arguably invokes the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.[2]

---

[1]    Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[2]Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

### A. State Action/Private Actor

The Due Process Clause of the Fourteenth Amendment prohibits a ***state*** from depriving a person of "life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV (emphasis added).   Additionally, claims brought under 42 U.S.C. § 1983 for violations of Fourteenth Amendment rights, must be asserted against ***state*** actors.  *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). (Emphasis added). Plaintiff brings suit against state court judges, the Circuit Clerk, and members of the Dothan Utilities Board and a private citizen alleging violations of his due process rights and equal protection rights.  The law is clear that the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.  *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003); *see also Martinez v. Ashtin Leasing, Inc.*, 417 F. App'x 883, 884 (11th Cir. 2011) (unpublished) (quoting *Pinellas*). Accordingly, there is no viable cause of action against Lee Whitman, a private citizen, and the complaint against him warrants dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim against him upon which relief maybe granted.

### B.  Judicial Immunity

The Court next considers whether Plaintiff's claims are viable against the named judges.  The law is clear that judicial defendants are absolutely immune from suits for money damages arising from acts performed in their judicial capacity.  *Mireles v. Waco,* 502 U.S. 9 (1991) (Citations omitted).  Plaintiff seeks money damages arising from the judges' alleged failure to give her a trial by jury and their repeated disregard of her motions filed in the underlying state court eviction

action.   Moreover, Plaintiff asks this court to intervene in the ongoing state action and to require the state court judges to take an affirmative action dismissing the case and prohibiting her eviction.

As the Supreme Court stated in *Mireles* "[l]ike other forms of official immunity, judicial immunity is an immunity from suit, not just from the ultimate assessment of damages."  However, the *Mireles* court identified two sets of circumstances where the immunity is abrogated.

> "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction."

*Id.* at 11-12. (Citations omitted).  As a matter of fact, neither of these circumstances applies in the instant action.  First, as sitting judges in the Circuit Court of Houston County, the judges have jurisdiction over a state law action for eviction filed in that court.  Second, the act of issuing rulings on properly filed eviction actions where a judge has jurisdiction is clearly an act within the "judge's judicial capacity." *Id.*  Thus, the Court concludes that the judges are all immune from suit in this instance.  Accordingly, because there is no viable cause of action against the judges, the complaint against them is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim against him upon which relief maybe granted.

Plaintiff also brings claims against Carla Woodall, Clerk of the Houston County Courts. From a review of the complaint, it is clear that any claims presented by Plaintiff against Carla Woodall relate to actions this defendant undertook on behalf of the state court during the state court eviction proceedings either in accordance with orders of a state court and/or pursuant to authority granted her by state law.  When a court clerk acts "under command of court decrees or under explicit instructions of a judge" the absolute immunity of the judge extends to the clerk. *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980).  Additionally, where a court clerk acts pursuant to authority granted by state law and acts on behalf of a court, the clerk is absolutely

immune from damages liability when sued under 42 U.S.C. § 1983 because she is performing a judicial function. *Scott v. Dixon*, 720 F.2d 1542, 1546-47 (11th Cir. 1983).  Accordingly, the court concludes that Plaintiff's claims against Carla Woodall regarding her actions in the state court eviction proceedings are frivolous as they are "based on an indisputably meritless legal theory." *Neitzke v. Wiliams*, 490 U.S. 319, 327 (1989).  These claims are therefore due to be dismissed upon application of 28 U.S.C. §1915(e)(2)(B)(i).

### C.  Legislative Immunity

Plaintiffs bring claims against the members of the Dothan Utilities Board and other local officials for their role in disconnecting her power and failing to reconnect it.  From a review of the complaint, it is clear that any claims presented by Plaintiff against members of the Dothan Utilities Board and other local officials relate to actions or decisions these defendants made with regard to disconnecting Plaintiff's power.  The law is clear that the defendants sued for their official actions are immune from suit.

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  U.S. Const. amend. XI; *see also Toth v City of Dothan, Ala.*, 953 F. Supp. 1502, 1506 (M.D. Ala. 1996) (citing Eleventh Amendment).  Specifically, an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens unless Congress has abrogated immunity or the state has waived its immunity.  *Id*. (citations omitted).  Congress has not abrogated Eleventh Amendment immunity in § 1983 cases, nor has Alabama waived its immunity.  *See Bd. of Trs. Of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363, 121 S. Ct. 955, 962, 148 L.Ed.2d 866 (2001).  Indeed, State officials "acting in their official capacities" are outside the class of "persons" subject to

liability under § 1983. *Hafer v. Melo*, 502 U.S. 21, 22-23, 112 S. Ct. 358, 360-61, 116 L.Ed.2d 301 (1991) (quoting *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1989)); *see also Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 n.3 (11th Cir. 1990) (citing *Will*); *Toth*, 953 F. Supp. at 1507 (citing *Hafner* and *Will*). Moreover, the Eleventh Circuit has held that immunity exists "in favor of local legislators for conduct in furtherance of their legislative duties." *Espanola Way Corp. v. Meyerson*, 690 F. 2d 827, 829 (11th Cir. 1982) citing *Hernandez v. City of Lafayette,* 643 F. 2d 1188 (5th Cir. 1981). Specifically, "the vote of a city councilman constitutes an exercise of legislative decision-making." *Id.* citing *Hernandez.*

In light of the foregoing, the court concludes that Plaintiff's claims against the members of the Dothan Utilities Board and other local officials regarding their decisions and actions concerning Plaintiff's power being disconnected or reconnected are frivolous as they are "based on an indisputably meritless legal theory." *Neitzke v. Wiliams*, 490 U.S. 319, 327 (1989). These claims are therefore due to be dismissed upon application of 28 U.S.C. §1915(e)(2)(B)(i).

**D. Younger Abstention**

Finally, even if there were federal jurisdiction, *Younger v. Harris,* 401 U.S.37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny espouse a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances. *See Middlesex County Ethics Comm. v Garden State Bar Ass n,* 457 U.S. 423, 431, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982). Indeed, the United States Supreme Court has directed that federal courts should refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state court proceeding. *See Middlesex, id.* at 432. In the instant action, there is an on-going state court action which involves

some of the parties named in this federal court action and involves a clear question of state law concerning eviction. Furthermore, Plaintiff may raise her due process claims in the underlying state lawsuit. *See Lambert v. Mail Handlers Benefit Plan*, 886 F. Supp. 803, 835 (M.D. Ala. 1995) citing *Gulf Offshore Co., v. Mobil Oil Corp*. 453 U.S. 473, 477 (1981)("State courts, unlike federal courts, have plenary jurisdiction and are competent to hear all cases including those involving federal law.") Thus, the *Younger* doctrine requires this Court to refrain from interfering in the ongoing state lawsuit.

For the reasons stated above, the Court concludes that a viable cause of action does not exist against the named parties in this action, and that the Court does not have subject matter jurisdiction over Plaintiff's action. The complaint fails to state a claim upon which relief maybe granted, and therefore, warrants dismissal prior to service of process under 28 U.S.C. § 1915 (e)(2)(B).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B). It is further ORDERED that the Plaintiff may file any objections to the this Recommendation on or before **May 3, 2018.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest

injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 19th day of April, 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE